**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
:
ERNESTO ORTIZ,                :
                              :   Civil Action No. 10-3622 (NLH)
            Plaintiff,        :
                              :
        v.                    :         **O P I N I O N**
                              :
D. FARIS,                     :
                              :
            Defendant.        :
_____:

**APPEARANCES:**

Ernesto Ortiz, Pro Se
# 09804-014
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN, District Judge**

Plaintiff, Ernesto Ortiz, currently confined at the Federal Correctional Institution ("FCI"), Fort Dix, New Jersey, seeks to bring this action alleging violations of his constitutional rights in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915.[1]  At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

---

[1] Plaintiff's case was previously administratively terminated for failure to pay the filing fee or submit a complete application to proceed IFP.  Plaintiff has since submitted a complete application, and the case will be reopened for purposes of this screening.

granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue D. Faris, a Bureau of Prisons' ("BOP") Officer employed at FCI Fort Dix, for filing an unlawful incident report against him.  Plaintiff claims that defendant Faris charged him with an act for which he was not guilty, resulting in sanctions, including the loss of good conduct time of twenty-seven days.  Plaintiff seeks relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), including damages, and expungement of the disciplinary findings and sanctions against him.

## DISCUSSION

### A.   Standards for *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§

1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because plaintiff is a prisoner and is proceeding as an indigent.

Recently, in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of

3

allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

**B.   *Bivens* Claims**

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).  But

4

"the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988).

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights.  See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005). Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits.  See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).[2]

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right

---

[2]   Title 42 of the United States Code, Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

was caused by an official acting under color of federal law.  See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

## C. **Plaintiff's Claims Must Be Dismissed.**

Liberally construing Plaintiff's claim as a Fifth Amendment Due Process claim, the Court finds that Plaintiff's claims regarding his disciplinary hearing are barred under Preiser v. Rodriguez, 411 U.S. 475 (1973), Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).[3]

First, Plaintiff's claims for injunctive relief are barred by the Supreme Court's decision in Preiser v. Rodriguez, 411 U.S. 475 (1973).  In Preiser, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.  The plaintiffs in Preiser, who lost good time credits after they were found guilty of disciplinary violations, claimed that they had been denied due process of law

---

[3] While Preiser, Heck, and Balisok all involved § 1983 cases, courts have extended their holdings to Bivens actions.  See Lora-Pena v. F.B.I., 529 F.3d 503, 506 n.2 (3d Cir. 2008) ("Although Heck involved a § 1983 action by a state prisoner, the reasoning in Heck has been applied to bar Bivens claims" (citing Williams v. Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam)).

6

and sought restoration of good-time credits that had been cancelled. See id. at 476, 478-81. The Court found that the plaintiffs could not bring their suit pursuant to 42 U.S.C. § 1983. See id. at 500. Similarly, the proper way for Plaintiff in this case to seek restoration of his good time credits is through a habeas petition.

Furthermore, Plaintiff's claims for monetary and declaratory relief are barred under Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). Under some circumstances, a prisoner may bring a Bivens claim for monetary damages based on the denial of due process during a prison disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (stating that plaintiff's § 1983 "damages claim was ... properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time, for flagrant or serious misconduct"). However, such due process claims cannot be brought in a Bivens action where the claims "necessarily imply the invalidity of the punishment imposed" unless the plaintiff shows that the sanctions have been overturned. See Balisok, 520 U.S. at 648 (finding claims for declaratory and monetary relief based on allegations that plaintiff was denied opportunity to present a defense and that hearing officer was biased could not be brought pursuant to § 1983); Heck, 512 U.S. at 486-87 ("We hold that, in order to recover damages for allegedly unconstitutional

7

conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.").

    Here, Plaintiff is essentially challenging the results of the disciplinary proceeding. He seeks restoration of his good time credits and monetary relief. Thus, a favorable outcome on his claims for monetary damages would necessarily imply the invalidity of the disciplinary finding and sanctions. Plaintiff has not shown that the finding of the disciplinary committee or the sanctions imposed have been overturned, and therefore, his <u>Bivens</u> claims are premature. Should Plaintiff's disciplinary findings be overturned in the course of the administrative process or by habeas petition, then, and only then, would his <u>Bivens</u> claim for monetary relief be ripe for consideration. At this juncture, Plaintiff's claims based on the disciplinary proceedings must be dismissed.

**CONCLUSION**

For the foregoing reasons, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

An appropriate order accompanies this opinion.

  /s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: January 6, 2012

At Camden, New Jersey